IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL WIDMER, # B-30985,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-1248-MJR |
| ) | |
| **RICK HARRINGTON, SGT. WALLS,** ) | |
| **SGT. RESTOFF, and A. WALTERS,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a five-year sentence for intimidation, and four-year sentences for obstructing justice and fleeing a police officer. Plaintiff claims that the conditions in his cell caused him to become ill, but Defendants refused to summon medical attention for him or take any steps to remedy the conditions. Further, Defendant Qualls retaliated against Plaintiff for making complaints.

More specifically, Plaintiff claims that on November 15, 2013, he was moved to Cell 105 in the West Cell House at Menard. Over the next seven days, he was subjected to thick smoke and below-freezing temperatures (Doc. 1, p. 6). Plaintiff suffers from asthma.

By November 21, the smoke and cold had caused him to wheeze and spit up green mucous. Eventually, he began to vomit blood. Plaintiff told Defendant Qualls on the 21st that the conditions had made him ill, and asked to see a medical staff member. Defendant Qualls not only denied this request, he retaliated against Plaintiff for complaining by unplugging Plaintiff's TV cable and shutting off the water to his cell (Doc. 1, p. 6). Defendant Qualls told Plaintiff that

he would leave the water off and the TV disconnected if he complained again. Plaintiff filed an emergency grievance to Defendant Harrington (the warden) describing these events in detail. He also submitted a request to the medical unit for treatment of his symptoms (Doc. 1, p. 7). The next day, Plaintiff was able to get a different officer to reconnect the water and TV cable.

On November 27, 2013, Plaintiff told Defendant Restoff that he was very ill and unable to eat, and asked him to summon medical staff. Defendant Restoff denied this request, and did so again on the following day.

On November 28, 2013, Plaintiff told Defendant Walters that he was very ill, had asthma, and was having difficulty breathing because of the cold and thick smoke. In response to Plaintiff's plea for medical assistance, Defendant Walters asked him, "[A]re you going to die?" and then did nothing to help him (Doc. 1, p. 7). Plaintiff filed another emergency grievance to Defendant Harrington, detailing his condition and these events.

Due to the Defendants' deliberate indifference, Plaintiff suffered extreme stomach, head, and throat pain, as well as nausea. He seeks damages and injunctive relief (Doc. 1, p. 8; Doc. 3).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against all Defendants for deliberate indifference to medical needs **(Count 1)**, and against Defendant Qualls for retaliation **(Count 2).** These claims shall be referred to a United States Magistrate Judge for further review.

**Pending Motion**

Plaintiff's motion for injunctive relief (Doc. 3) shall also be referred to the United States Magistrate Judge for further consideration.

**Disposition**

The Clerk of Court shall prepare for Defendants **HARRINGTON, QUALLS, RESTOFF,** and **WALTERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the

date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for injunctive relief (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: December 26, 2013**

                                    *s/ Michael J. Reagan*
                                    United States District Judge