IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

MICHAEL WIDMER #B-30985,      )
                                        )
            Plaintiff,         )
                                          )
     -vs-                    )     No. 13-1248-MJR
                                          )
RICHARD HARRINGTON, et al.,   )
                                          )
           Defendants.    )

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, RICHARD HARRINGTON, JOHN RESTOFF, WILLAIM QUALLS and AARON WALTERS, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 56 hereby submit this Memorandum of Law in Support of Defendants' Motion for Summary Judgment. In support thereof, stating as follows:

**BACKGROUND**

Plaintiff is an inmate within the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Menard Correctional Center ("Menard"). On December 3, 2013, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 based on occurrences at Menard. [d/e 1]. After a merit review, the Court allowed Plaintiff to proceed on two counts. [d/e 6 at 2]. The Court found Plaintiff stated an Eighth Amendment deliberate indifference claim against all defendants and a retaliation claim against Defendant Qualls. *Id.* Defendants respectfully request that their Motion for Summary Judgment be granted on the basis that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act prior to filing suit in federal court.

## UNDISPUTED MATERIAL FACTS

1.    Plaintiff, Michael Widmer (B-30985) is an inmate of IDOC at Menard. [d/e 1 at 1].

2.    On December 3, 2013, Plaintiff filed his prisoner civil rights lawsuit pursuant to 42 U.S.C. § 1983. [d/e 1].

3.    The Court found plaintiff stated an Eighth Amendment deliberate indifference claim against all Defendants and a retaliation claim against Defendant Qualls. [d/e 6 at 2].

4.    Plaintiff was incarcerated at the time of filing the instant lawsuit at Menard. [d/e 2 at 1].

5.    Defendants were employees of IDOC at the time the allegations in this lawsuit occurred. [d/e 1].

6.    The Plaintiff's allegations of deliberate indifference and retaliation occurred between November 15, 2013 and November 28, 2013. [d/e 1 at 6-7].

7.    Debbie Knauer is a member of the Administrative Review Board ("ARB"). *See* (Defendant's Exhibit A, Affidavit of Debbie Knauer).

8.    The ARB conducted a search of its records, and found no grievances filed by Plaintiff from November 2013 to February 2014 related to the instant claims. *See* (Def. Exhibit A).

9.    Linda Carter is a Grievance Officer within the Grievance Office at Menard. *See* (Defendants Exhibit B, Affidavit of Linda Carter).

2

10.     Linda Carter conducted a search of the grievance logs and found one grievance (Exhibit B-1) filed by Plaintiff from November 2013 to February 2014 complaining of "toxic gas." *See* (Def. Exhibit B).

11.     Plaintiff filed one emergency grievance on February 7, 2014 regarding "toxic gas" from heaters within the East and West Cell Houses of Menard.

## ARGUMENT

### I.     STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are any genuine issues of material fact, the court must draw all inferences in the light most favorable to the non-movant. *Bartman v. Allis-Chalmers Corp.*, 799 F.2d 311, 312 (7th Cir.1986). Not every conceivable inference must be drawn, but only reasonable inferences. *Id.* at 312-13.

In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the United States Supreme Court held that summary judgment is mandatory if there is no genuine issue as to any material fact for trial if, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

3

trial." *Id.* at 323. The plaintiff must come forward with evidence of a specific factual dispute, evidence that would reasonably permit the finder of fact to find in Plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the Plaintiff. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994); *International Union of Operating Engineers v. Associated General Contractors*, 845 F.2d 704, 708 (7th Cir. 1988).

## II.    <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides in pertinent part:  "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also*, *Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008). The exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002).

All suits filed under §1983 or any other Federal law and involving prison conditions fall under the exhaustion requirement. 42 U.S.C. §1997e(a). This requirement includes cases against prison guards for allegations of excessive force and all other inmate suits regarding prison life, "whether they involve general circumstances or particular episodes." *Porter v. Nussle* at 532, 992. Even an inmate only seeking money damages, a remedy not available through the administrative process, must still exhaust all administrative remedies before filing suit. *Booth v. Churner*, 532 U.S. 731, 734, 121 S. Ct. 1819, 1821 (2001). The remedies available need not be "plain, speedy,

and effective." *Porter v. Nussle* at 524.

Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez v. Wisconsin Dep't. of Corr.*, 182 F.3d 532, 535 (7th Cir.1999). A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (holding that prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances). To fulfill the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The exhaustion requirement of the Prison Litigation Reform Act is enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see also*, *Pavey*, 544 F.3d at 742 (where the failure to exhaust administrative remedies was the prisoner's fault, the case is over).

According to the grievance procedure in Illinois, offenders in the custody of IDOC must first try to resolve their issues through their counselor. 20 Ill. Admin. Code § 504.810. If the issue persists, the offender may file a grievance addressed to the Grievance Officer within 60 days after the incident was discovered. *Id*. The grievance shall be addressed to the Grievance Officer and must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. 20 Ill. Adm. Code Section 504.810(b). The Grievance Officer shall review the grievance and report findings and recommendations in writing to the Chief Administrative Officer (Warden). 20 Ill. Adm. Code Section

504.830(d). The Grievance Officer then reports the findings to the Chief Administrative Officer (CAO). 20 Ill. Admin. Code § 504.830. The CAO will advise the offender of the decision. *Id*. If the offender is still not satisfied with the outcome, they may then appeal to the Director within 30 days of the decision. 20 Ill. Admin. Code § 504.850. The Director determines whether a hearing before the ARB is required. If the grievance is without merit or a hearing is not necessary, the offender is notified. The ARB will submit a report to the Director, who will review the findings and make a final determination. *Id*. Unless and until a final decision is issued by the ARB, the offender has not completely exhausted his administrative remedies.

### III.    PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

This court should grant summary judgment in favor of the Defendants because Plaintiff failed to exhaust his administrative remedies. Plaintiff was an inmate within IDOC at the time Plaintiff filed the instant lawsuit. (Undisputed Material Fact 4). Defendants were Department employees. (Undisputed Material Fact 5). Accordingly, because the Plaintiff has brought an action under § 1983, and was confined in a correctional facility, § 1997e applies to the case at bar. (Undisputed Material Facts 1–5). Therefore, Plaintiff must exhaust his administrative remedies with respect to his claims against Defendants.

Summary judgment is proper for Defendants because Plaintiff filed his lawsuit before filing a grievance regarding the alleged actions of the Defendants. As stated above, all suits filed under §1983 or any other Federal law and involving prison conditions fall under the exhaustion requirement. 42 U.S.C. § 1997e(a). A prisoner

6

does not satisfy exhaustion requirements by filing an untimely or otherwise procedurally defective grievance. *Woodford v. Ngo*, 548 U.S. 81 (2006). The relevant provision of the administrative code provides, "[a] grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a).

In this case, the ARB has no record of any grievance filed by Plaintiff in regards to the allegations in this case. [Undisputed Material Fact 8]. Further, the Menard Grievance Office only has record of one grievance filed by Plaintiff in the relevant time period related to the allegations in the complaint. [Undisputed Material Facts 10 and 11]. However, the grievance identified by the Menard Grievance Office was not filed until February 7, 2014. *See* (Exhibit B-1). Moreover, the February 7, 2014 grievance complains of "toxic gas" in the cell houses during the second week of January 2014. *Id.*

Additionally, Plaintiff stated in his complaint he filed three emergency grievances regarding the allegations in his complaint. [d/e 1 at 5]. However, later in his complaint Plaintiff only provides the dates of two emergency grievances. *See* (Pl. Complaint ¶13 and 24). As stated above, both the Grievance Office at Menard and the ARB conducted a search of its records and have not identified any grievances related to the claims against Defendants. [Undisputed Material Facts 8, 10 and 11]. Even if Plaintiff had filed a grievance or emergency grievance related to the claim, Plaintiff states he had received no response as of filing the instant lawsuit. [d/e 1 at 5]. Plaintiff's complaint was scanned at Menard and sent to the court on December 2, 2013. [d/e 1 at 1]. The alleged incident in this case occurred between November 15, 2013 and November 28,

2013. [Undisputed Material Fact 6]. Even if Plaintiff filed an emergency grievance on November 15, 2014, Plaintiff waited only eighteen days to file his complaint. It would be next to impossible for Plaintiff to exhaust his administrative remedies in less than eighteen days. Thus, because there are no records of any relevant grievances filed by Plaintiff regarding the allegations and given the window of time between the incidents and the filing of the complaint, Plaintiff has failed to exhaust his administrative remedies.

## CONCLUSION

Exhaustion of administrative remedies is a condition precedent to filing suit under the Prison Litigation Reform Act. As Plaintiff failed to satisfy this requirement prior to filing suit in federal court, Defendants respectfully request this Honorable Court grant their Motion for Summary Judgment.

Respectfully submitted,

RICHARD HARRINGTON, JOHN RESTOFF, WILLAIM QUALLS and AARON WALTERS,

    Defendants,

Brent Colbert #6312563
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
(217) 782-2077   Phone
(217) 524-5091   Fax
Email: bcolbert@atg.state.il.us

Of Counsel.

LISA MADIGAN, Attorney General,
State of Illinois,

    Attorney for Defendants,


By:___\s\ Brent Colbert_____
    Brent Colbert
    Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

MICHAEL WIDMER #B-30985,                )
                                        )
            Plaintiff,                  )
                                        )
      -vs-                              )        No. 13-1248-MJR
                                        )
RICHARD HARRINGTON, et al.,             )
                                        )
            Defendants.                 )

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2014, I electronically filed Defendants' Memorandum of Law in Support of Motion for Summary with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on July 1, 2014, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Widmer #B-30985
Menard Correctional Center
711 Kaskaskia Street
PO Box 1000
Menard, IL   62259

Respectfully submitted,

By: \s\ Brent Colbert
Brent Colbert #6312563
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706
(217) 782-2077   Telephone
(217) 524-5091   Fax
Email: bcolbert@atg.state.il.us

9

10