IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13−cv−1248−MJR−SCW |
| | ) |
| RICK HARRINGTON, | ) |
| WILLIAM QUALLS, | ) |
| JOHN RESTOFF, and | ) |
| AARON WALTERS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

With his December 3, 2013 complaint filed herein pursuant to 42 U.S.C. 1983 (Doc. 1) against four correctional officials, Michael Widmer (Plaintiff) filed a motion for preliminary injunction, seeking "to enjoin the defendants from continuing a course of official misconduct to intentionally inflict pain and suffering ..." (Doc. 3). Plaintiff, who is incarcerated at Menard Correctional Center, alleges in his complaint (and reiterates in his motion) that he is exposed to thick smoke and extremely cold air, that he is denied medical treatment, and that the named defendants have retaliated against him by "turning off [his] water and unhooking [his] TV cable" (Doc. 3, p. 1).

The motion for a preliminary injunction is not verified, and Plaintiff has not submitted his own affidavit. Although Plaintiff submitted several affidavits in support of his complaint, only one of them is relevant to the issues presented in the motion for

1

injunctive relief. That one confirms that Plaintiff's TV cable was unhooked, but clarifies that only the *hot* water in his cell was turned off (Doc. 1, p. 9).

The four named Defendants (Rick Harrington, Sgt. Qualls, Sgt., Restoff and correctional officer A. Walters) declined to return executed waivers of service. On February 24, 2014, the Court caused summons to issue. Defendants were served, and answers were due April 7, 2014. Upon entering his appearance, counsel for Defendants requested an extension of time to April 28, 2014 to file a responsive pleading (Doc. 21). Defendants failed to answer or otherwise respond to the complaint by the April 28th deadline. On April 29, 2014, the Court ordered them to file a response to Plaintiff's motion for a preliminary injunction. Defendants finally answered the complaint on May 8, 2014 and filed a response to Plaintiff's motion on May 13, 2014.

Unfortunately, Defendants' response was woefully inadequate. Not only did it fail to address any of the factual issues raised by Plaintiff in a meaningful way, it also contains the nonsensical proposition that "Plaintiff has an adequate remedy at law because his motion for injunctive relief is the injunctive relief sought in Plaintiff's Complaint" (Doc. 33).

Defendants cite no case for the proposition that filing a complaint seeking equitable or injunctive relief bars a plaintiff from moving for a preliminary injunction. If that proposition were correct, it is difficult to see how courts would ever issue a preliminary injunction. The phrase "at law" refers to the traditional distinction between law and equity and is generally understood to refer to the availability of monetary damages, not to legal practice in general. Counsel is reminded that attorneys have an

2

obligation pursuant to Fed. R. Civ. P. 11(b) to certify that "the claims, defenses, and other legal contentions are warranted by existing law."

Despite the shortcomings in Defendant's response, the Court declines to grant Plaintiff's request for a preliminary injunction, because his motion lacks an adequate factual basis. A preliminary injunction is an extraordinary remedy that should never be granted except in the rare case where the circumstances demand it. *Girl Scouts of Manitou Counsel Inc. v. Girl Scouts of U.S. of America*, **549 F.3d 1079, 1085 (7th Cir. 2008)**. For a court to grant a request for a preliminary injunction, the party seeking it must show the following: (1) a likelihood of success on the merits; (2) the absence of an adequate remedy at law; and (3) that the moving party will suffer irreparable harm if the injunction is not granted. *Ty, Inc., v. The Jones Group, Inc.*, **237 F.3d 891, 895 (7th Cir. 2001);** *Abbott Labs. v. Mead Johnson & Co.*, **971 F.2d 6, 12 (7th Cir. 1992)**. The Court is also bound to consider the public interest in disposing of the request for injunctive relief. *Ty*, **237 F.3d at 895**.

Plaintiff's allegations are too vague for the Court to evaluate whether he has met the elements required to issue a preliminary injunction. Plaintiff's motion does little more than mechanically recite them. Plaintiff's allegation that his TV was turned off, one of two allegations that are both specific and supported by evidence, does not rise to the level of a constitutional violation or irreparable harm. Additionally, the evidence in support of his allegation that the water was turned off specifies that it was only the hot water, and that the guards turned the hot water back on the next day. This does not rise

3

to the level of irreparable harm either. Plaintiff's other allegations are vague and conclusory. Without more, Plaintiff has not carried his burden of proof on the motion.

Furthermore, the Court takes note that the public interest in running efficient prisons is great. *See Buck v. Briley*, **No. 2001 C 1153, 2001 WL 619523 at \*2 (N.D. Ill. May 23, 2001) ("What [plaintiff] wants, an order that prison staff not harass him in various ways, would require constant monitoring by the court and involve the court in every instance of discipline, denial of privileges or assignment of cellmates. Since there are probably hundreds of other prisoners with similar grievances, it becomes clear that the public interest strong militates against injunctive relief, particularly preliminary injunctive relief, on behalf of an individual prisoner alleging harassment or discomfort that does not represent a serious risk to his life or health.")**. Federal courts have a duty to refrain from attempting to interfere with the day-to-day administration of prisons and must give substantial deference to prison managers. *See e.g.*, *Turner v. Safley*, **482 U.S. 78, 84-85 (1987);** *Williams v. Lane*, **851 F.2d 867, 871 (7th Cir. 1988)**.

On the record now before the Court, Plaintiff's motion amounts to little more than a request that the guards not bother him. Granting an injunction here would be akin to the type of impermissible interference with prison management that the courts are bound not to engage him. Accordingly, the Court **DENIES** Plaintiff's motion for preliminary injunction (Doc. 3).

One final matter warrants attention at this time. Plaintiff's complaint named the former Warden of Menard, Rick Harrington, in both his official and individual capacity.

4

The proper defendant in a claim for injunctive relief is the government official responsible for ensuring that any injunctive relief would be carried out.  *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011), *citing Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989).  According to Federal Rule of Civil Procedure 25(d), a public "officer's successor is automatically substituted as a party."   Because Kim Butler is now Warden of Menard, the clerk is directed to add her to the docket as a Defendant, sued in her official capacity only.  (Harrington will remain in the suit as a Defendant, as he was sued both in his official and individual capacities.)

    IT IS SO ORDERED.

    DATED August 17, 2014.

                                            *s/ Michael J. Reagan*
                                            Michael J. Reagan
                                            United States District Judge