IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13−cv−1248−MJR−SCW |
| | ) |
| RICHARD HARRINGTON, | ) |
| WILLIAM QUALLS, | ) |
| JOHN RESTOFF, | ) |
| AARON WALTERS, | ) |
| KIM BUTLER | ) |
| | ) |
| Defendants. | |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to 42 U.S.C. § 1983, Plaintiff Michael Widmer brought this action on December 3, 2013, for deprivations of his constitutional rights that allegedly occurred at Menard Correctional Center ("Menard"). Plaintiff made allegations of retaliation, and deliberate indifference to his serious medical needs against Defendants Harrington, Qualls, Restoff, and Walters in his original Complaint. (Doc. 1). Defendant Kim Butler was later added in her official capacity only for the purposes of injunctive relief. (Doc. 44). The matter now comes before the Court on Defendants Harrington, Qualls, Restoff, and Walter's Motion for Summary Judgment on the issue of exhaustion of administrative remedies. (Doc. 40). **T**he matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on whether Widmer exhausted his administrative remedies before filing suit. For the following reasons, the undersigned **RECOMMENDS** that the Court **GRANT** the Motion (Doc. 40) in Defendants' favor.

1

On July 1, 2014, Defendants filed the present Motion. (Doc. 40). Plaintiff filed an "Objection to Defendants Motion for Summary Judgment" on July 31, 2014. (Doc. 43). The Court then set this matter for a hearing. Plaintiff requested to present witnesses at the hearing, but the Court denied the request after Plaintiff refused to provide the subject of the proposed witnesses' testimony. (Doc. 50). The Court held a hearing on Plaintiff's Motion on October 30, 2014. The motion is therefore ripe for disposition. It is clear from the record that summary judgment is warranted here, because the pleadings and testimony demonstrate that Plaintiff did not exhaust his grievances prior to filing suit.

## LEGAL STANDARDS

1. **Summary Judgment Standard**

Summary judgment is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. **Dynegy Mktg. & Trade v. Multiut Corp.,** 648 F.3d 506, 517 (7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. **Celotex Corp. v. Catrett,** 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. **Anderson v. Liberty Lobby, Inc.,** 477 U.S. 242, 255 (1986).

A Motion for Summary Judgment filed pursuant to *Pavey* typically requires a hearing to determine any contested issues regarding exhaustion and a judge may make limited findings of fact at that time. **Pavey v. Conley,** 544 F.3d 739, 742 (7th Cir. 2008). The case may proceed on the merits only after any contested issue of exhaustion is resolved. **Pavey,** 544 F.3d at 742. In *Pavey*,

the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. **Pavey, 544 F.3d at 740-41.** A hearing will not be required where "there are no disputed facts regarding exhaustion, only a legal question." **Doss v. Gilkey, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009).**

2. **PLRA's Exhaustion Requirement**

The affirmative defense of failure to exhaust depends on whether a plaintiff has fulfilled the Prison Litigation Reform Act's (PLRA's) exhaustion requirement, which in turn depends on the prison grievance procedures set forth in Illinois law. **See Jones v. Bock, 549 U.S. 199, 218 (2007).**

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought [under federal law] with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." **42 U.S.C. § 1997e(a)**. Under the PLRA, exhaustion of administrative remedies is mandatory and unexhausted claims cannot be brought in court. **Jones v. Bock, 549 U.S. 199, 211 (2007).** The case may proceed on the merits only after any contested issue of exhaustion is resolved by the court. **Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008).**

The Seventh Circuit takes a strict compliance approach to exhaustion; requiring inmates follow all grievance rules established by the correctional authority. **Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).** A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require." **Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).** But the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances**. Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002).** However, if the prisoner fails to follow the proper procedure, the grievance will not be considered exhausted. **Pavey**

3

***v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. ***Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).**

Additionally, exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Rather, a prisoner must wait bring a suit until he completes the exhaustion process. ***Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a))**. A suit that is filed prior to the exhaustion of remedies must be dismissed, even if a plaintiff's administrative remedies become exhausted during the pendency of the suit. ***Id.***

### 3. Exhaustion Requirement under Illinois Law

The Illinois Department of Corrections' (IDOC's) process for exhausting administrative remedies is laid out in the Illinois Department of Corrections Grievance Procedures for Offenders. **20 Ill. Admin. Code § 504.810.** If unable to resolve dispute with the counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. ***Id.*** The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint…[or] as much descriptive information about the individual as possible." ***Id.*** The grievance officer shall review the grievance and report findings and recommendations to the Chief Administrative Officer (CAO). **20 Ill. Adm. Code § 504.830(d)**. The prisoner will then have the opportunity to review the CAO's response. ***Id.*** If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board ("ARB") within 30 days of the CAO's decision. **20 Ill. Adm. Code § 504.850**. Completion of this process exhausts a prisoner's administrative remedies.

## FACTS

IDOC transferred Plaintiff to cell 105 at Menard West Cell House on or about November 15, 2013. (Doc. 1, p. 6). Plaintiff alleges that he was subjected to a thick fog of smoke, and temperatures below 32 degrees in his cell for seven days, which resulted in Plaintiff's illness. (Doc. 1, p. 6). Plaintiff further alleges that he was subsequently denied medical treatment on two separate occasions. (Doc. 1., p 7). The Court found that Plaintiff stated a claim for relief against all Defendants for deliberate indifference to medical needs (Count 1) and against Defendant Qualls for retaliation (Count 2). (Doc. 6).

In his Complaint, Plaintiff alleged that he filed three emergency grievances, which never received a response. (Doc. 1, p. 5). He alleged that he filed one on November 21, 2013. (Doc. 1, p. 7). He alleged that he filed a second emergency grievance on November 28, 2013. (Doc. 1, p. 7). The Complaint is silent on when Plaintiff filed the third emergency grievance. Defendants' Motion indicates that no grievances on the issues in the Complaint were ever received by Menard staff or the ARB.

At the hearing, Plaintiff testified that he filed each grievance by placing it in the bars of his cell. He also testified that he believes that he got a response to a contemporaneously filed grievance regarding the use of space heaters in the cell block. Plaintiff initially testified that he filed all four grievances at the same time; later he clarified that he may have filed the space heater grievance first. The space heater grievance is dated February 7, 2014. (Doc. 40-3, p. 2).

## ANALYSIS

In this case, it is an open question whether Plaintiff filed suit prior to the exhaustion of administrative remedies. Plaintiff claims he filed three emergency grievances sometime between November 21, 2013 and November 28, 2013, and filed suit a mere five days later on December 3, 2013. Plaintiff argued at the hearing that this Court has held that a prisoner may file suit if he waits

5

more than two days for a response to an emergency grievance from the chief administrative officer. The undersigned gave Plaintiff a week to submit his case law on this point. Plaintiff has not done so to date. However, the Court believes that Plaintiff is referring to Judge Gilbert's order in *Merritte v. Kessell*, No. 12-263, Doc. 72. That order cited the Seventh Circuit's opinion in *Fletcher v. Menard Correctional Center*, where the Court held that the plaintiff had to wait more than two days for a response to his emergency grievance before filing suit. **623 F.3d 1171 (7th Cir. 2010)**. Judge Gilbert found that Merritte's conclusion that the grievance process was unavailable to him after waiting thirteen days for a response was a reasonable conclusion. (No. 12-263, Doc. 72). However, the undersigned does not have to determine if Plaintiff was reasonable here because the undersigned did not find Plaintiff's testimony that he filed emergency grievances credible.

The Menard Grievance Office has a record of only one emergency grievance filed by Plaintiff on February 7, 2014 asserting allegations that are unrelated to the instant case. (Doc 40-3). Plaintiff's emergency grievance filed on February 7, 2014 states in part, "[t]he heaters produce poison gasses which cause me to suffer from headaches and dizzyness (sic)" (Doc. 40-3, p. 2). Furthermore, ARB does not have any records of any grievances filed by Plaintiff regarding the allegations in this case. (Doc 40-1). Plaintiff testified that he filed his three emergency grievances either at the same time as the space heater grievance or slightly after he filed it. But the events that Plaintiff complains of occurred in November 2013, while the space heater grievance was filed in February 7, 2014. Plaintiff cannot have exhausted his remedies as to this suit if he waited until February or March 2014 to file his emergency grievances. Additionally, IDOC has no record of the emergency grievances Plaintiff claims to have filed. For these reasons, the undersigned finds Plaintiff not credible, and rejects his testimony that he filed three emergency grievances on the issues present in his case.

**CONCLUSION**

After holding a hearing on the matter, the undersigned finds that Plaintiff did not exhaust his administrative remedies. Although Defendant Butler did not join the Motion for Summary Judgment, that is unnecessary, as she is only a party for the purposes of carrying out injunctive relief,[1] and Plaintiff's request for injunctive relief falls with the rest of his case. Accordingly, the undersigned **RECOMMENTS** that the Court **GRANT** the Motion for Summary Judgment (Doc. 40), and **DISMISS** the case **without prejudice.** This disposes of all the claims of the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004)**. Objections to this Report and Recommendation must be filed on or before December 1, 2014. ***See* Fed. R. Civ. P. 6(d); SDIL-LR 5.1(c)**.

**IT IS SO ORDERED**.

DATED: **November 12, 2014**          /s/     *Stephen C. Williams*
                                                              **Stephen C. Williams**
                                                              United States Magistrate Judge

---

[1] There is some indication in Plaintiff's other filings that he has since been moved from the cell placement at issue here, which would make his request for injunctive relief moot, but the parties have not raised this issue.

7