IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WIDMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-1248-MJR-SCW |
| | ) |
| RICHARD HARRINGTON, | ) |
| WILLIAMS QUALLS, | ) |
| JOHN RESTOFF, | ) |
| AARON WALTERS, | ) |
| and KIM BUTLER, | ) |
| | ) |
| Defendants. | ) |

<u>MEMORANDUM AND ORDER</u>

REAGAN, Chief Judge:

One year ago, Michael Widmer (Plaintiff) filed the above-captioned suit under 42 U.S.C. 1983, alleging deprivations of his federally-secured constitutional rights while incarcerated at Menard Correctional Center, within this Judicial District. Plaintiff asserted claims of retaliation and deliberate indifference, and he sought both damages and injunctive relief. On threshold review of the complaint under 28 U.S.C. 1915A, the undersigned allowed the suit to proceed against the four named Defendants (Harrington, Walls, Restoff and Walters). A fifth Defendant (Menard's Warden, Kim Butler) was added in her official capacity only, for the purposes of the requested injunctive relief.

On July 1, 2014, Harrington, Walls, Restoff and Walters moved for summary judgment herein on the grounds that Plaintiff had not exhausted all administrative

Page **1** of **3**

remedies prior to filing this lawsuit. The motion was fully briefed, and the Honorable Stephen C. Williams (the United States Magistrate Judge to whom the case was referred for pretrial proceedings) conducted a hearing on the motion on October 30, 2014. Now before the Court is a Report and Recommendation ("Report," Doc. 55) submitted by Judge Williams to the undersigned. The Report concludes (*id.*, at p. 2): "It is clear from the record that summary judgment is warranted here, because the pleadings and testimony demonstrate that Plaintiff did not exhaust his grievances prior to filing suit." The Report recommends that the Court grant Defendants' motion and dismiss this entire case without prejudice (*id.*, at p. 7).

Exhaustion is a condition precedent to suit in federal court, so the inmate must exhaust before he commences his federal litigation; he cannot exhaust *while* his lawsuit is pending. *See Perez v. Wisconsin Department of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). If the inmate fails to exhaust before filing suit in federal court, the district court must dismiss the suit (or dismiss any claims not fully exhausted). *See Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).[1] Exhaustion-based dismissals are made without prejudice. *Burrell*, 431 F.3d at 285, *citing Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002), and *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

---

[1] Although *dismissal* is the procedural step the district court takes if a plaintiff failed to exhaust prior to filing suit, the issue of exhaustion most often is raised via summary judgment motion, so that the Court can consider evidence "outside the pleadings," such as affidavits, grievances, responses, appeals, and related documentation. *See* FED. R. CIV. P. 12(d).

Page **2** of 3

The Report plainly advised the parties that any objections thereto had to be filed by December 1, 2014. That deadline elapsed without any party filing objections to the Report. Accordingly, pursuant to 28 U.S.C. 636(b), the undersigned Judge need not conduct *de novo* review of the Report and Recommendations. **28 U.S.C. 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn,* **474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.,* **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.,* **797 F.2d 538 (7th Cir. 1986).**

The Court hereby **ADOPTS** Judge Williams' Report (Doc. 55) in its entirety, **GRANTS** Defendants' summary judgment motion (Doc. 39), and **DISMISSES without prejudice** this case (and all claims contained herein). Although Defendant Butler did not join in the summary judgment motion, she was added only as to the injunctive relief claim, and (as Judge Williams correctly noted, Doc. 55, p. 7), the claim for injunctive relief falls with the rest of Plaintiff's case.

IT IS SO ORDERED.

DATED December 3, 2014.

                                                   s/ *Michael J. Reagan*
                                                   Michael J. Reagan
                                                   United States District Judge